OPINION
{¶ 1} Defendant-appellant, Todd A. Oglesby, appeals the trial court's denial of his motion to suppress and his subsequent felony convictions for trafficking in crack cocaine and trafficking in cocaine. We affirm.
 {¶ 2} During the evening of December 8, 2003, the Clinton County Prosecutor's Office presented an affidavit for a search warrant to the judge for the Clinton County Municipal Court. The signing affiant was Det. Douglas A. Eastes of the Clinton County Sheriff's Office. The affidavit requested authority to search an apartment located at 211 Grant Street in Wilmington.
 {¶ 3} The supporting facts contained in the affidavit stated, in part, that police had used a confidential informant ("CI") to make a controlled buy of crack cocaine at the apartment within the past 72 hours. Prior to the controlled buy, police searched the CI to confirm the CI possessed no contraband. Under police observation, the CI then entered the apartment, where the CI purchased a "rock" of crack cocaine using marked money supplied by police. When the CI exited the apartment, police recovered the rock from the CI. The rock tested positive for crack cocaine.
 {¶ 4} The Clinton County Municipal Court judge also took additional sworn oral testimony from Det. Eastes regarding the request for the warrant. The testimony was recorded and made part of the record in this appeal. Det. Eastes testified that the CI had proven reliable on earlier search warrants. Additionally, police had made another undercover controlled buy at this same apartment approximately five months earlier. The known occupants of the apartment were Jody Zimmerman and a "black male known only as `O'." Information supplied by the CI and an additional confidential informant suggested this black male carried a gun and had previously fired it in the area of the apartment.
 {¶ 5} Based on the facts presented, the judge issued a search warrant for the apartment. The search warrant read, in pertinent part: "WHEREAS, there has been filed with me an Affidavit, a copy of which is attached hereto and incorporated herein, having been made before me by Detective Douglas A. Eastes, of the Clinton County Sheriff's Office, these are, therefore, to command you in the name of the State of Ohio, with the necessary and proper assistance, to enter in the night-time, into the premises known as a one story structure used as an apartment building. Said structure being located at 211 Grant Street, Wilmington, Clinton County, State of Ohio, more specifically unit `D'. Said unit being occupied by Jody Zimmerman and a black male known only as `O', and any and all persons found on the premises occupied by Jody Zimmerman and a black male known only as `O', and any vehicles registered to or used by Jody Zimmerman and a black male known only as `O', and there, diligently search for Drugs of Abuse * * *."
 {¶ 6} Later that same night, police executed the search warrant. A police entry team first entered the apartment and secured it by handcuffing the approximately ten people found inside and placing them on the floor. Det. Eastes then entered the apartment, finding appellant and a female handcuffed on the floor in a bedroom near the front of the apartment. Det. Eastes observed illegal drugs in plain view throughout the bedroom. Appellant, a black male with the last name of Oglesby, also fit the description police had from the confidential informant of one of the occupants known as "O."
 {¶ 7} Det. Eastes then conducted a pat-down search of appellant through the exterior of appellant's sweatpants and t-shirt. The officer felt a hard lump he could not identify protruding from between appellant's buttocks. Det. Eastes informed a lieutenant of the discovery, and several officers then raised appellant to his feet. Det. Eastes lowered appellant's sweatpants and underwear down to his ankles, exposing a piece of plastic protruding from between appellant's buttocks. Despite police requests, appellant kept his buttocks tightly clinched together, inhibiting recovery of the object. As police then lowered appellant back down to the floor, appellant relaxed and Det. Eastes recovered what turned out to be a plastic sandwich bag containing illegal drugs.
 {¶ 8} The Clinton County Grand Jury indicted appellant with felony counts of trafficking in crack cocaine, possession of crack cocaine, trafficking in cocaine and possession of cocaine. Appellant filed a motion to suppress, alleging the search was unconstitutional. The judge of the Clinton County Court of Common Pleas denied the motion. Appellant subsequently pled no contest to one count of trafficking in crack cocaine, a felony of the first degree, and trafficking in cocaine, a felony of the fourth degree. The trial court found appellant guilty of both counts and sentenced him to a prison term of four years for trafficking in crack cocaine to be served concurrently with a 12-month term for trafficking in cocaine.
 {¶ 9} Appellant appeals and raises two assignments of error.
 {¶ 10} ASSIGNMENT OF ERROR NO. 1:
 {¶ 11} "THE TRIAL COURT SHOULD HAVE SUSTAINED THE MOTION TO SUPPRESS BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILED TO PROVIDE PROBABLE CAUSE TO SEARCH `ANY PERSON' FOUND IN THE RESIDENCE, AND BECAUSE THE `ANY PERSON' LANGUAGE IN THE WARRANT WAS OVERLY BROAD."
 {¶ 12} ASSIGNMENT OF ERROR NO. 2:
 {¶ 13} "THE DECISION OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE STATE'S EVIDENCE FAILED TO SUFFICIENTLY ARTICULATE WHY THE OFFICER REASONABLY BELIEVED THAT THE `LUMP' HE FELT IN APPELLANT'S GROIN AREA WAS NARCOTICS."
 {¶ 14} We begin with the first assignment of error. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court erred in applying the substantive law to the facts of the case. State v. Williams (1993), 86 Ohio App.3d 37, 41.
 {¶ 15} When the parties in this matter appeared before this court for oral argument, counsel for appellant clarified that appellant was not contesting whether the search warrant contained probable cause to search the apartment for drugs of abuse. Rather, appellant argues police searched him pursuant to language in the search warrant purporting to authorize the search of "any and all persons found on the premises." Appellant asserts this authorization is too broad and is unsupported by sufficient corroborating information. Appellant thus concludes that the trial court was required to suppress the seized drugs. We find this argument to be misplaced.
 {¶ 16} While it is clear that the intent of the search warrant was to authorize the search of "a black male known only as `O' [appellant] and any and all persons found on the premises," the language used in the search warrant, quoted in paragraph 5 above, did not accomplish this intent. Rather, the "any and all persons" language is merely part of the description of the residence to be searched. The same is true of language in the search warrant referencing appellant as a "black male known only as `O'." None of this language authorizes the search of any particular person, appellant included. Instead, the search warrant authorizes only a search of the apartment itself.
 {¶ 17} However, we find a separate legal basis supporting the search of appellant. Generally, warrantless searches are per se unreasonable subject to "a few specifically established and well-delineated exceptions." Katz v. United States (1967),389 U.S. 347, 357, 88 S.Ct. 507, 514. One such exception is a search incident to a lawful arrest. Chimel v. California (1969),395 U.S. 752, 89 S.Ct. 2034. For a warrantless arrest to be lawful, the arresting officer must have probable cause. Beck v. Ohio
(1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense. Id. In making this determination, we examine the totality of the facts and circumstances. State v. Homan, 89 Ohio St.3d 421, 427,2000-Ohio-212.
 {¶ 18} In this instance, probable cause to arrest appellant turns on police observations made in the apartment bedroom during execution of the search warrant. Necessary to this determination is whether police were lawfully in position to make these observations. Coolidge v. New Hampshire (1971), 403 U.S. 443,91 S.Ct. 2022. Here, appellant admits the search warrant provided sufficient probable cause for police to search the apartment. A search of the apartment clearly includes a search of the bedroom where police found appellant. Therefore, we find police were authorized by the search warrant to enter and search the bedroom occupied at the time by appellant.
 {¶ 19} By the time Det. Eastes entered the bedroom, appellant was already handcuffed and on the floor. Det. Eastes testified at the motion to suppress hearing that he saw illegal drugs throughout the room. The record indicates the apartment was small, supporting a reasonable inference that the bedroom was also small. Information in the search warrant indicated a "black male known only as `O'" was an occupant of the apartment, and appellant was identified as that person. Based on the facts and circumstances known to police, we find probable cause existed at this point to arrest appellant for possession of drugs. Beck v.Ohio, 379 U.S. 89.
 {¶ 20} Det. Eastes next conducted a pat-down of appellant, leading to the full search that resulted in the recovery of the illegal drugs hidden in a sandwich bag between appellant's buttocks. It is not entirely clear from the record whether the officer's purpose for the initial pat-down was a limited check for weapons pursuant to Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, or something more. However, that is of no consequence to the legal analysis. "The arresting officer's subjective belief or motivation in the detention of an individual is not material to the legality of the detention; the correct test is whether there was objective justification for the detention or arrest."State v. Deters (1998), 128 Ohio App.3d 329, 333, citing Statev. Robinette, 80 Ohio St.3d 234, 236, 1997-Ohio-343, relying onWhren v. United States (1996), 517 U.S. 806, 812-814,116 S.Ct. 1769; Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Even if the officer subjectively believes he lacks probable cause for arrest, a search is justified if the objective facts nevertheless establish probable cause. Florida v. Royer (1983),460 U.S. 491, 507, 103 S.Ct. 1319, 1329. See, also, United States v. Roy
(C.A.11, 1989), 869 F.2d 1427 (officer viewed search as a safety inspection, although court upheld as a search based on probable cause). Having already determined there was an objective basis establishing probable cause to arrest appellant in this instance, we find Det. Eastes's subjective reasons for conducting the pat-down and subsequent search to be immaterial.
 {¶ 21} We next consider whether the search was "incident to" appellant's arrest. The record in this case arguably supports a conclusion that the search occurred prior to the moment of arrest.[1] However, it is unnecessary for us to precisely establish the moment of appellant's arrest relative to the search. The search may precede the arrest so long as the fruits of the search are not used to support probable cause for the arrest. Rawlings v. Kentucky (1980), 448 U.S. 98, 111,100 S.Ct. 2556, 2564.
 {¶ 22} By the time police searched appellant in this instance, they had already found appellant in a bedroom with illegal drugs present throughout. Further, appellant matched the description of one of the known occupants of the apartment. This evidence, which we have already determined establishes probable cause for appellant's arrest, is independent of the fruits of the search of appellant. Thus, we find the timing of the search relative to appellant's arrest is permissible.
 {¶ 23} Finally, we examine the scope of the search of appellant. When conducting a search incident to arrest, police are not limited to a Terry pat-down for weapons. Instead, police may conduct a full search of the arrestee's person for contraband or evidence of crime. United States v. Robinson
(1973), 414 U.S. 218, 94 S.Ct. 467. In this instance, the search involved police pulling down appellant's sweat pants and underwear, revealing part of a plastic sandwich bag protruding from between appellant's buttocks. Police seized the bag and discovered it contained contraband. Appellant has not challenged the scope of this search. We further note this was not a body cavity search since the contraband was not inside or partially inside appellant's rectum. Under these circumstances, we do not find the scope of the search was improper.
 {¶ 24} Based upon the foregoing, we find police had authority to conduct a full search of appellant for contraband or evidence of crime as a search incident to arrest. The appellant was therefore lawfully convicted of possession of the contraband seized in this manner. Appellant's first assignment of error is overruled.
 {¶ 25} In the second assignment of error, appellant argues that the seizure of illegal drugs from him was beyond the bounds permissible under the "plain feel" exception to the warrant requirement, citing Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130. In Dickerson, the Supreme Court of the United States held the Fourth Amendment permits the seizure of nonthreatening contraband detected through a police officer's sense of touch during an otherwise lawful search pursuant toTerry v. Ohio, 392 U.S. 1. However, the nature of the nonthreatening contraband must be "immediately apparent" to the officer. Appellant asserts that since Det. Eastes testified he could not identify by feel the lump between appellant's buttocks during the pat-down, the "immediately apparent" requirement ofDickerson is not met and the seized evidence must be suppressed.
 {¶ 26} In light of our analysis in the first assignment of error, Dickerson and its progeny are not applicable to this matter. The law authorizing this search does not involve aTerry pat-down for weapons or a Dickerson "plain feel" of contraband during a Terry search. Rather, police were authorized to conduct a full search of appellant incident to his lawful arrest. United States v. Robinson, 414 U.S. 218. Appellant's second assignment of error is overruled.
 {¶ 27} The judgment of the trial court is hereby affirmed.
Young and Bressler, JJ., concur.
[1] Appellant admits in his May 5, 2004 motion to suppress and his August 2, 2004 memorandum in support filed with the trial court that he was arrested. Additionally, the record establishes that appellant secured a $2500 surety bond filed later the same day as the execution of the search warrant.