[Cite as *State v. Aslinger*, 2012-Ohio-5436.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2011-11-014 |
| | : | O P I N I O N |
| - vs - | | 11/26/2012 |
| | : | |
| JUSTIN ASLINGER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 10-CR-10593

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. Worthington, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Daniel J. O'Brien, 1210 Talbott Tower, 131 North Ludlow Street, Dayton, Ohio 45402, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Justin Aslinger, appeals his conviction for possession of heroin from the Preble County Court of Common Pleas.

{¶ 2} On November 6, 2010, Preble County Deputy Sheriff Brad Moore stopped a car driven by Jefferson Dallas Davis after it crossed left of center while traveling on State Route 35. Deputy Moore was waiting at this location based on information he obtained from Davis,

who had become an informant. According to Deputy Moore's testimony, Davis contacted him and informed him that he drives appellant to Dayton on a regular basis to purchase heroin. He further testified that he then drives appellant back to appellant's house where he cuts up the heroin for distribution in Preble County.

{¶ 3} Deputy Moore testified that on November 5, 2010, Davis called him on two occasions. First, to tell him the he was driving appellant to Dayton to purchase heroin, and then again to inform him they had returned. On November 6, 2010, Davis called Deputy Moore again to advise him that he and appellant were travelling to Dayton to purchase heroin, and that they would return through Preble County on State Route 35 between noon and two in the afternoon. Davis told Deputy Moore that he would give him a signal to let him know the heroin had been purchased and was in the car. Deputy Moore testified that at approximately 12:51 p.m., he saw Davis's vehicle enter Preble County driving left of center, down the middle of the roadway.

{¶ 4} Having witnessed the traffic violation, and believing this to be the signal from Davis, Deputy Moore stopped the vehicle. Appellant was sitting in the front passenger seat. Upon identifying the driver as Davis, Deputy Moore attempted to identify appellant, who then provided his brother's name and social security number rather than his own. At that point Deputy Moore also noticed a bag of what he believed to be heroin or cocaine on the driver's side floorboard.

{¶ 5} Within three minutes, Deputy Matt Lunsford arrived with his drug detection canine Brit. Brit gave a positive alert to the front passenger side door area. At that point, Deputy Moore and Deputy Robert Schneider had Davis and appellant exit the vehicle, patted them down and sat them on the side of the road while Deputy Moore searched the vehicle. The search of the vehicle revealed only the bag Deputy Moore had previously seen. That bag was later determined to contain heroin.

{¶ 6} Subsequently, Deputy Moore drove appellant back to the sheriff's office. While appellant spoke with Deputy Moore during the transport, Deputy Moore did not ask appellant any questions. Appellant was advised of his rights upon arrival at the sheriff's office, as evidenced by the signed *Miranda* waiver.

{¶ 7} Appellant was indicted on December 6, 2010, for possession of heroin. Appellant moved to suppress any information obtained as a result of what he alleged was an illegal stop, seizure, search and detention. A hearing on the motion to suppress was held on February 18, 2011. The motion was denied in an entry dated April 14, 2011. Subsequently, appellant pled no contest to possession of heroin in violation of R.C. 2925.11(A)(C)(6)(e), a felony of the first degree. Appellant was sentenced to three years in prison.

{¶ 8} Appellant now appeals from that conviction, raising two assignments of error for our review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} DID THE TRIAL COURT PREJUDICIALLY ERR IN FINDING THAT PREBLE COUNTY LAW ENFORCMENT [SIC] OFFICERS DID NOT VIOLATE [APPELLANT'S] RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION WHEN THEY SEIZED AND DETAINED HIM WITHOUT CONSENT, WITHOUT A VALID WARRANT, WITHOUT PROBABLE CAUSE TO ARREST BUT MERELY WITH A HOPE AND A HUNCH MR. ASLINGER WAS THEN AND THERE ENGAGED IN FELONIOUS CRIMINAL CONDUCT.

{¶ 11} Appellant argues that he was illegally stopped, searched, detained and questioned as Deputy Moore lacked reasonable suspicion to believe that appellant was engaged in criminal conduct. In support of his argument, appellant alleges that Davis' vehicle did not cross left of center and therefore that action could not have been a signal from Davis to Deputy Moore, nor the justification for a traffic stop. He further argues that the information

provided by Davis to Deputy Moore was nothing more than a fabricated and duplicitous scheme intended to give the appearance of cooperation so that Davis could "cut a deal." Appellant therefore asserts that the trial court erred in denying his motion to suppress any information obtained as a result of the stop, seizure, search and detention.

{¶ 12} A trial court's ruling on a motion to suppress presents an appellate court with a mixed question of law and fact. *State v. Cochran*, 12th Dist. No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. When considering a motion to suppress, the trial court assumes the role of the trier of fact. *Id*. Because the trial court can personally observe the witnesses, the trial court is in the best position to evaluate their credibility and thus to resolve any disputed factual issues. *Id*. A reviewing court will accept the trial court's findings of fact so long as they are supported by competent, credible evidence. *Id*. However, a reviewing court "independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Id*.

{¶ 13} In order to arrest a person without a warrant an officer must have probable cause. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1991). The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense. *Id*. In making this determination, we examine the totality of the facts and circumstances. *State v. Homan*, 89 Ohio St.3d 421, 427, 2000-Ohio-212; *State v. Oglesby*, 12th Dist. No. CA2004-12-027, 2005-Ohio-6556, ¶ 17.

{¶ 14} In the present case, Deputy Moore had received information from Davis and others that appellant was purchasing and distributing heroin. During the February 18, 2011 suppression hearing, Deputy Moore testified as to why he believed the information Davis was

providing was true:

> [DEPUTY MOORE]: I had spoken through confidential informants that advised me that [appellant] lives on 35. He also goes by the nickname of Fatty. Buys large amounts of heroin and then distributes it throughout the county and Richmond.
>
> [MS. MANNING]: So the information provided by those informants matched that of what Davis had told you?
>
> [DEPUTY MOORE]: Yes.

{¶ 15} Deputy Moore and Davis had agreed that if there was heroin in the car, Davis would give him a sign. Deputy Moore noticed the vehicle cross the centerline and continue that way as it entered Preble County. That action permitted Deputy Moore to stop the vehicle either out of recognition that the traffic violation was intended as Davis's signal that heroin was in the car, or simply based on the commission of the traffic violation itself. Appellant argues that the police cruiser video failed to show the vehicle crossing the centerline. Having reviewed the video, we agree with appellant. However, the camera on the cruiser was facing perpendicular to the road on which Davis' vehicle was traveling. Therefore, the only time Davis' vehicle was visible on the cruiser video was the moment it passed directly in front of the cruiser. Accordingly, the video provides no evidence to contradict Deputy Moore's testimony that the vehicle crossed the centerline.

{¶ 16} After having stopped the vehicle, Deputy Moore recognized that the name appellant provided was incorrect. In addition, he noticed what he believed to be a bag of heroin or cocaine on the driver's side floorboard. Finally, a drug detection canine gave a positive alert to the passenger side front door. Given the totality of the circumstances, we find that Deputy Moore had sufficient knowledge to warrant a prudent individual in believing that appellant had committed or was committing an offense. Accordingly, there was probable cause to arrest appellant.

{¶ 17} A warrant is not required for a search incident to a valid arrest. *State v. Rice*,

69 Ohio St.2d 422, 428 (1982), citing *Michigan v. DeFillippo*, 443 U.S. 31, 35, 99 S.Ct. 2627, 2631 (1979). In light of the foregoing, having found that Deputy Moore had probable cause to arrest appellant, we find no error in the trial court's denial of appellant's motion to suppress any information obtained as a result of the stop, seizure, search and detention.

{¶ 18} Accordingly, appellant's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} DID THE TRIAL COURT PREJUDICIALLY ERRED [SIC] IN FINDING THAT STATEMENTS ALLEGEDLY MADE BY [APPELLANT] WERE ADMISSIBLE IN SPITE OF THE ILLEGAL AND FORCEIBLE [SIC] AND COERCIVE STOP, SEIZURE, SEARCH, DETENTION AND ARREST OF [APPELLANT] IN VIOLATION OF THE FRUIT OF THE POISONOUS TREE RULE (*Wong Sun v. U.S.* (1963) 371 U.S. 471).

{¶ 21} Having found that the stop and arrest of appellant was valid under the first assignment of error, appellant's second assignment of error is not well-taken.

{¶ 22} Accordingly, appellant's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

S. POWELL, P.J., and YOUNG, J., concur.

Young, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.