OPINION
{¶ 1} Defendant-appellant, Sophal Prom, appeals her conviction in the Butler County Court of Common Pleas, for aggravated murder. We affirm the conviction.
 {¶ 2} On September 28, 2000, appellant shot and killed a co-worker, Darlene Adams. She was indicted for aggravated murder in violation of R.C. 2903.01(A), with a firearm specification pursuant to R.C. 2941.14. Later, pursuant to a negotiated plea agreement, she pled guilty to a reduced charge of murder in violation of R.C. 2903.02(A), with a firearm specification. Pursuant to R.C. 2929.02(B), the mandatory sentence for murder is a prison term of 15 years to life, and the firearm specification carries a three-year mandatory, consecutive sentence pursuant to R.C. 2929.14(D)(1)(a)(ii). Consequently, the maximum penalty for the offense to which appellant pled guilty was 18 years to life.
 {¶ 3} She appealed, arguing that her plea was not knowingly made because the trial court incorrectly informed her that she would be subject to post-release control rather than parole. This court found that "the trial court erred when it accepted Prom's guilty plea when, in consequence of the court's erroneous advice to her concerning post-release control, Prom necessarily was unaware of the maximum penalty to which she was exposed by her plea." State v. Prom, Butler App. No. CA2002-01-007, 2003-Ohio-6543, ¶ 29 (Prom I). Consequently, this court reversed the trial court's decision accepting appellant's guilty plea, vacated the judgment of conviction and sentence, and remanded for further proceedings. Id. at ¶ 31.
 {¶ 4} The matter was set for a "plea or trial setting" on December 19, 2003, and on December 17, 2003, appellant entered a not guilty by reason of insanity ("NGRI") plea. The trial court issued an order that appellant be examined by a psychologist of her choice, and the matter was again set for a "plea or trial setting" on February 27, 2004. In January 2004, appellant was examined by Dr. Kathleen Burch who determined that appellant, although mentally ill, did not meet the definition of NGRI. At the February 27 hearing, it became apparent that a plea agreement would not be reached, and the matter was set for trial on May 24, 2004. On April 23, 2004, appellant filed a motion seeking to compel the state to offer its prior plea bargain, and a motion for a continuance. On May 6, 2004, the trial court denied the motion to compel. The trial court granted the motion for a continuance, and the matter was set for trial on June 28, 2004.
 {¶ 5} On the trial date, appellant's counsel made an oral motion for a continuance. The trial court denied the motion. Appellant withdrew her plea of NGRI and entered a no contest plea to the charge of aggravated murder in violation of R.C. 2903.01(A) with a firearm specification. Appellant was convicted and pursuant to R.C. 2929.02(A), was sentenced to life in prison, and a consecutive three-year prison term on the firearm specification. She appeals, raising three assignments of error.
 {¶ 6} In her first assignment of error, appellant argues that the trial court erred by not granting her second request for a continuance.
 {¶ 7} The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981),67 Ohio St.2d 65, 67. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157. "Whether the court has abused its discretion depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'" State v. Powell
(1990), 49 Ohio St.3d 255, 259, quoting Ungar v. Sarafite (1964),376 U.S. 575, 589, 84 S.Ct. 841.
 {¶ 8} While no "mechanical formula" exists for determining whether a trial court has abused its discretion in denying a motion for a continuance, the Ohio Supreme Court has utilized a "balancing test which takes cognizance of all the competing considerations" present in a particular case. Unger at 67. When evaluating a request for a continuance, a court should note the length of the delay requested; whether other continuances have been requested and received; the convenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; and other relevant factors depending on the unique facts of each case. Id. at 67-68. A reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990),49 Ohio St.3d 255, 259.
 {¶ 9} Upon reviewing the record, we do not find that the trial court's decision was arbitrary, unreasonable or unconscionable. When granting appellant's first request for a continuance, the trial court impressed upon the parties that June 28 would be a firm trial date. Appellant's counsel objected to the date, noting that he would be out of town during the month of July. The prosecutor opined that the trial would only take three days, however appellant's counsel insisted that the trial would last a full week. In response, the trial court offered to set the matter for the week of June 14. However, appellant's counsel declined the offer, and agreed that the matter could be heard for a week, beginning on June 28, and finishing by July 2.
 {¶ 10} Appellant's counsel requested a second continuance on June 28, the day the matter was set for trial. In support of the requested continuance, counsel noted that he would be out of town for the month of July; an investigator would be out of town the first two weeks of July; co-counsel, who had not yet filed a notice of appearance, would be on vacation until late August; the defense had difficulty locating witnesses recently disclosed by the state; additional time was needed to prepare Dr. Burch whom the defense would call as an expert witness; and motions for clarification and reconsideration filed with the appeals court had delayed counsel's trial preparation.
 {¶ 11} In denying the requested continuance, the trial court remarked that the witnesses were "well known and should have been easily known" to appellant. The trial court noted that the earlier continuance had been granted, in part, because Dr. Burch was unavailable to attend the trial set for May 24, and that appellant had been granted additional time in which to prepare her for trial. The trial court noted that there could not have been any misunderstanding that the matter would go to trial on that day. Further, the trial court found that any more delay would substantially interrupt the court's docket, and would inconvenience the 60 jurors waiting to be impaneled and the numerous witnesses subpoenaed for trial. In order to avoid any prejudice to appellant, the trial court ruled that the state would not be allowed to call any witnesses who had not been timely disclosed to appellant.
 {¶ 12} Given these circumstances, we find that the trial court did not abuse its discretion in denying appellant's request for a continuance. Appellant's counsel had been provided time to prepare for trial and the trial court excluded recently disclosed state's witnesses, averting prejudice to appellant. The trial court did not abuse its discretion in determining that the public interest in seeing the matter justly concluded within a reasonable time, together with the inconvenience to the jurors, witnesses, and the court, outweighed any prejudice to appellant. Appellant's first assignment of error is overruled.
 {¶ 13} Appellant's second assignment of error alleges that the trial court erred by not enforcing the plea bargain that appellant originally agreed to before her plea was vacated on appeal. Appellant argues that the 2002 plea agreement is valid and enforceable, in spite of this court's decision in Prom I.
 {¶ 14} In support of this contention appellant directs our attention to United State v. Sandoval-Lopez (C.A.9, 1997), 122 F.3d 797. InSandoval-Lopez, several defendants pled guilty to the use of a firearm in the commission of a drug-trafficking offense, and in return had other charges dismissed. In a petition pursuant to Section 2255, Title 28, U.S. Code, they successfully attacked their convictions on the basis that the conduct to which they had pled guilty was no longer a crime. The federal district court then found that the government was no longer bound by a plea agreement which dismissed other charges. On appeal, the federal appellate court held that the plea agreement did not prohibit the collateral attack on the convictions under Section 2255, and consequently did not result in a breach of the plea agreement. The appellate court noted that the defendants challenged only the validity of their convictions and did not attack the plea agreements themselves.
 {¶ 15} Appellant asserts that Sandoval-Lopez "runs parallel" to the present matter, and that appellant "did not breach her contract by appealing the illegal part of her sentence." Contrary to her assertion, appellant did not appeal her sentence, but rather the voluntary nature of her plea, and we find appellant's citation to Sandoval-Lopez misplaced. Her appeal sought to set aside her guilty plea, and this court granted the relief sought.
 {¶ 16} Contrary to appellant's argument, we find that it is reasonably well-established that "`when a defendant repudiates the plea bargain * * * by successfully challenging [her] conviction on appeal there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain.'" UnitedStates v. Moulder (C.A.5, 1988), 141 F.3d 568, 571, quoting Fransaw v.Lynaugh (C.A.5, 1987), 810 F.2d 518, 524-525. See, also, Hardwick v.Doolittle (C.A.5, 1977), 558 F.2d 292, 301. Ohio courts have likewise held that "being convicted of the original charge and receiving a greater sentence is a chance that one takes when [one] seeks to withdraw from a plea agreement containing a state-amended lesser charge." State v.Griffin, Mahoning App. No. 01CA151, 2003-Ohio-1599, ¶ 9.
 {¶ 17} Nor are we persuaded by appellant's argument that the state's refusal to offer the same plea agreement is the result of vindictiveness for her successful appeal. Appellant's prior appeal resulted in the invalidation of her plea, and the reinstatement of the charge for which she was originally indicted. Where the underlying purpose of the plea agreement is frustrated, the prosecution may, "without explanation, refile charges against a defendant whose bargained-for guilty plea to a lesser charge has been withdrawn or overturned on appeal, provided that an increase in the charges is within the limits set by the original indictment." Moulder at 572. After her conviction was reversed on appeal, appellant entered a plea of NGRI to the charge of aggravated murder for which she was indicted. This charge was within the limits set by the original indictment, and we do not find that proceeding under this charge was the result of vindictiveness. Appellant's second assignment of error is overruled.
 {¶ 18} In her final assignment of error, appellant urges us to overrule our decision in Prom I and reinstate the prior plea agreement. She also contends that the trial court should have disregarded this court's decision in Prom I based on subsequent federal case law.
 {¶ 19} The "law of the case" doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. Id. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. Id., citing State ex rel. Potain v. Mathews
(1979), 59 Ohio St.2d 29, 32. "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts." Id. (citations omitted).
 {¶ 20} Consequently, on remand, a trial court is bound to adhere to the appellate court's determination of the applicable law. Id. at 4. The doctrine is applicable to subsequent proceedings in the reviewing court as well as the trial court.
"Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." Id. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Id.
 {¶ 21} We thus conclude that the trial court was without discretion to disregard this court's decision in Prom I. We further find that no extraordinary circumstances exist which would permit this court to disregard its prior decision vacating appellant's plea, conviction, and sentence.
 {¶ 22} Appellant argues that the United States Sixth Circuit Court of Appeals' recent decision in McAdoo v. Elo (C.A.6, 2004), 365 F.3d 487, is controlling in this matter, and provides such an extraordinary circumstance. We find appellant's argument unpersuasive for two reasons. First, the decisions of federal courts constitute persuasive authority only and are not binding on this court. State v. Burnett,93 Ohio St.3d 419, 422-424, 2001-Ohio-1581.
 {¶ 23} Second, we find the facts and reasoning of McAdoo inapplicable to the present case. McAdoo involved federal habeas corpus review of a defendant's claim that his plea was not knowing and voluntarily entered because he didn't understand the nature of a life sentence. The McAdoo
court deferred to the Michigan state court's ruling that the only misstatement by the trial court occurred at sentencing, which would have had no effect on the voluntariness of the defendant's plea. We consequently find appellant's reliance on this case misplaced. Because appellant has failed to demonstrate extraordinary circumstances that would permit us to question the finality of our former decision, the assignment of error is overruled.
Judgment affirmed.
Young and Valen, JJ., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.