OPINION
{¶ 1} Defendant-appellant, Preston D. Carpenter, was convicted on 13 felony counts and three misdemeanor counts following a jury trial in Butler County Common Pleas Court. The jury acquitted appellant of a 17th count.
 {¶ 2} Appellant presents two assignments of error which claim that the trial court's imposition of nonminimum and consecutive sentences on two counts of possession of cocaine, and one count each of trafficking in cocaine, having weapons under disability, failure to appear, and tampering with evidence (Counts One, Two, Nine, Ten, Fifteen and Seventeen) was unconstitutional. On these specific counts, appellant was either sentenced to the maximum prison term (Counts One, Two, Nine, Fifteen and Seventeen) or consecutive prison terms (Counts One, Ten and Seventeen).[1]
 {¶ 3} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statutes found unconstitutional were R.C. 2929.14(B) and 2929.19(B)(2), concerning the imposition of more than a minimum prison term, R.C. 2929.14(C) relating to the imposition of maximum prison terms, and R.C. 2929.14(E)(4) and 2929.41(A), governing the imposition of consecutive prison sentences. Id. at ¶ 83, 97-99. The Foster court severed the sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court utilized R.C. 2929.14(B), (C) and (E) to sentence appellant, we must remand this case for resentencing consistent with Foster.
 {¶ 4} Appellant's first and second assignments of error are sustained.
 {¶ 5} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing on Counts One, Two, Nine, Ten, Fifteen and Seventeen.
Powell, P.J., and Walsh, J., concur.
[1] Appellant has not challenged the convictions and sentences for felony charges in Counts Three, Four, Five, Six, Thirteen, Fourteen and Sixteen, and misdemeanor charges under Counts Seven, Eight and Twelve. Accordingly, we will not disturb the sentences imposed for those convictions. See State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus.