OPINION
{¶ 1} Defendant-appellant, Preston Carpenter, appeals the April 15, 2008 judgment entry of the Butler County Court of Common Pleas which sentenced him to ten years in prison after a resentencing hearing was held on remand of his case. This is the fourth time that the trial court has sentenced appellant in this case.
 {¶ 2} In 2005, appellant was indicted on 17 counts of drug-related and other offenses. *Page 2 
Following a jury trial, he was convicted on 13 felony counts and three misdemeanor counts. The jury acquitted appellant of a 17th count (Count Eleven). On November 15, 2005, the trial court sentenced appellant to prison terms of five years each as to Count One (possession of cocaine), Count Two (trafficking in cocaine), Count Nine (having weapons while under disability), Count Fifteen (possession of cocaine), and Count Seventeen (tampering with evidence). Appellant was further sentenced to a prison term of one year as to Count Ten (failure to appear); prison terms of 15 months each as to Counts Three and Fourteen (possession of cocaine) and Counts Five and Thirteen (trafficking in cocaine); and prison terms of nine months each as to Counts Four and Six (trafficking in cocaine) and Count Sixteen (permitting drug abuse). With regard to the misdemeanor counts, appellant was sentenced to either 30 days or 90 days in jail (Counts Seven, Eight, and Twelve). The prison terms for Counts Ten and Seventeen were imposed consecutively to Count One; all other prison terms were to be served concurrently.
 {¶ 3} Appellant appealed his sentences under Counts One, Two, Nine, Ten, Fifteen, and Seventeen pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. On September 25, 2006, this court reversed the judgment of the trial court "as to sentencing only and [remanded the case] for resentencing on Counts One, Two, Nine, Ten, Fifteen, and Seventeen." State v. Carpenter, Butler App. No. CA2005-11-494,2006-Ohio-4959, ¶ 5 ("Carpenter I"). By resentencing judgment entry filed on October 20, 2006, the trial court resentenced appellant under Counts One, Two, Nine, Ten, Fifteen, and Seventeen; the sentences under the other ten counts remained unchanged.
 {¶ 4} Appellant appealed the foregoing 2006 resentencing entry on the ground it sentenced him to 11 years in prison even though the trial court had imposed a ten-year sentence during the resentencing hearing. By amended entry filed on February 28, 2007, the trial court corrected the clerical error and sentenced appellant to a total of ten years in prison. *Page 3 
The trial court did so by sentencing appellant under Count Ten to 17 months in prison to be served concurrently to Count One. Previously, the trial court had sentenced appellant under Count Ten to one year in prison to be served consecutively to Count One.
 {¶ 5} On May 21, 2007, this court found that the issue raised in appellant's appeal of the 2006 resentencing entry was "moot as the trial court has subsequently corrected the clerical error in its [February 28, 2007] judgment entry." State v. Carpenter (May 21, 2007), Butler App. No. CA2006-10-284, accelerated calendar judgment entry ("CarpenterII"). We affirmed the trial court's sentencing judgment entry.
 {¶ 6} Meanwhile, in 2007, we granted appellant's motion to reopen his appeal pursuant to App. R. 26(B), on issues related to the validity of a search warrant and ineffective assistance of counsel. On October 29, 2007, we found that (1) evidence as to Counts One, Two, Three, Seven, Eight, and Nine had been improperly admitted because the evidence was obtained through the execution of an unsigned, void ab initio, search warrant; and (2) trial counsel's failure to challenge the admission of the evidence based on the unsigned search warrant constituted ineffective assistance of counsel. State v. Carpenter, Butler App. No. CA2005-11-494, 2007-Ohio-5790, ¶ 12, 18 ("Carpenter III"). We, however, declined to reverse all of the counts against appellant:
 {¶ 7} "Appellant continued to engage in criminal activities separate and apart from the evidence obtained through execution of the void search warrant. *** [W]e find the other counts easily distinguishable from the counts tied to the search warrant.
 {¶ 8} "Accordingly, appellant's second assignment of error is sustained as to counts one, two ***, three, seven, eight, and nine, and overruled as to the remaining ten counts.
 {¶ 9} "Based upon our determination that appellant's second assignment of error must be sustained and this matter reversed as to those specific counts, appellant's third assignment of error *** is rendered moot. *Page 4 
 {¶ 10} "As to the first assignment of error, we note that this matter was never before the trial court and the trial court never had an opportunity to rule on this particular issue. Therefore, for purposes of this appeal, this issue is rendered moot and remanded to the trial court for determination.[1]
 {¶ 11} "Counts four, five, six, ten, twelve, thirteen, fourteen, fifteen, sixteen, and seventeen of appellant's conviction are affirmed. Counts one, two ***, three, seven, eight, and nine of appellant's conviction are reversed and this cause is remanded to the trial court for proceedings consistent with the law and the opinion of this court." Id. at ¶ 19-24.
 {¶ 12} On remand, a hearing was held before the same trial judge who had originally sentenced appellant in 2005 and re-sentenced him in 2006 and 2007. At the beginning of the hearing, the state dismissed Counts One, Two, Three, Seven, Eight, and Nine (four felony counts and two misdemeanor counts). It then asked the trial court to restructure appellant's sentences for the remaining counts (which were affirmed by this court) so that appellant would be sentenced "to the 10 years that were originally given in the [February 28, 2007 entry]:"
 {¶ 13} "[T]he position of the State is that the 12th district remanded this for further proceedings. Consistent with this decision, we believe that after there is a dismissal that this Court would need to resentence [appellant] as before the sentences were quite intertwined. Specifically, this indictment entailed a pattern of activity over a course of five days. The counts that were dismissed tak[e] away one of those days. There is still trafficking counts as well as other counts that involve four different days of activity."
 {¶ 14} Trial counsel argued that appellant's sentences imposed in the February 28, 2007 entry on counts that were still standing followingCarpenter III should stand without *Page 5 
modification. Ultimately, the trial court honored the state's request, stating:
 {¶ 15} "[M]y approach today is I'm going to treat this case as if I never had previously sentenced [appellant] and that the Court will ignore the case in which the Court reversed the case of because the search warrant, which was originally subject of this was never signed by a colleague, though the issue was never raised with me or anybody else until it reached the 12th District Court of Appeals. So, I'm going to treat it as if it is a new sentencing." (Sic).
 {¶ 16} By entry filed on April 15, 2008, the trial court then sentenced appellant to a total of ten years in prison. It did so by modifying the sentences on Counts Four, Five, Six, Thirteen, Fourteen, and Sixteen to one year in prison (from the original nine or 15 month prison terms), and by ordering that they be served consecutively to Count Seventeen (they were previously ordered to be served concurrently). The sentence under Count Ten was changed from a concurrent 17 months prison term to a consecutive one year prison term. As before, appellant was again sentenced to prison terms of five years each as to Counts Fifteen and Seventeen; however, the sentence under Count Fifteen is now consecutive to Count Seventeen (and not concurrent), and the sentence under Count Seventeen is now consecutive to ten other counts (as opposed to only one count). The sentence under Count Twelve remained the same as before.
 {¶ 17} This appeal follows in which appellant raises two assignments of error.
 {¶ 18} Assignment of Error No. 1:
 {¶ 19} "THE TRIAL COURT ERRED IN USING THE SENTENCING PACKAGE DOCTRINE TO INCREASE MR. CARPENTER'S REMAINING AGGREGATE SENTENCE BECAUSE THAT DOCTRINE HAS BEEN EXPRESSLY REJECTED BY THE SUPREME COURT OF OHIO. (April 2, 2008 Resentencing Hearing Transcript, T.p. 4-9; April 15, 2008 Judgment of Conviction Entry, T.d. 171)."
 {¶ 20} Appellant argues that the trial court improperly resentenced him on Counts Four, *Page 6 
Five, Six, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen in violation of the sentencing package doctrine, a doctrine expressly rejected by the Ohio Supreme Court in State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245. Appellant asserts that the trial court lacked authority to resentence him on those specific counts because those counts were affirmed by this court in Carpenter III.
 {¶ 21} The sentencing package doctrine is "a federal doctrine that requires [a] court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan."Saxon at ¶ 5. As a result, "an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense." Id. at ¶ 6.
 {¶ 22} In Saxon, the supreme court specifically rejected the doctrine: "The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing adefendant, and appellate courts may not utilize the doctrine when reviewing a sentence or sentences." Id. at ¶ 10. (Emphasis added.) The supreme court stated that the rationale for the doctrine "fails in Ohio where there is no potential for an error in the sentence for one offense to permeate the entire multicount group of sentences;" and that "[b]ecause Ohio does not `bundle' sentences, nothing is `unbundled' when one of several sentences is reversed on appeal." Id. at ¶ 8, 15. The court further stated: "Any adoption of the sentencing-package doctrine would dismantle th[e] carefully crafted statutory scheme[.] *** No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense." Id. at ¶ 21.
 Counts Four, Five, Six, Twelve, Thirteen, Fourteen, and Sixteen {¶ 23} On appeal, the state concedes that the trial court lacked authority to resentence *Page 7 
appellant on Counts Four, Five, Six, Twelve, Thirteen, Fourteen, and Sixteen following our remand of the case in Carpenter III, as the sentences under those counts were never appealed.
 {¶ 24} We therefore vacate the trial court's April 15, 2008 entry with regard to Counts Four, Five, Six, Twelve, Thirteen, Fourteen, and Sixteen, and reinstate the prison terms and the jail term imposed by the trial court in its February 28, 2007 entry with regard to Counts Four, Five, Six, Twelve, Thirteen, Fourteen, and Sixteen, with the following correction as to Count Five. The record shows that in its original sentencing entry, the trial court imposed a $2,500 fine under Count Five. Although appellant never appealed his sentence under Count Five, the trial court erroneously imposed a $5,000 fine under Count Five in its October 20, 2006 entry. The mistake was then carried over in the trial court's February 28, 2007 entry. The original $2,500 fine is therefore reinstated as to Count Five. See R.C. 2953.08(G)(2).
 Counts Ten, Fifteen, and Seventeen {¶ 25} The state argues, however, that because of appellant's reopened appeal, the trial court had authority to resentence him on Counts Ten, Fifteen, and Seventeen following our remand of the case in CarpenterIII. Specifically, the state contends that appellant's 2007 reopened appeal under App. R. 26(B) reopened our decision in Carpenter I, placing it "under reconsideration," and that following Carpenter III, our decisions in Carpenter I and Carpenter II were no longer the law of the case. We disagree.
 {¶ 26} In Morgan v. Eads, 104 Ohio St.3d 142, 2004-Ohio-6110, the Ohio Supreme Court held that "[proceedings under App. R. 26(B) are collateral postconviction proceedings and not part of the direct-appeal process." Id. at syllabus. Throughout its decision, the supreme court clearly stated that "an application under App. R. 26(B), whether successful or not, was never intended to constitute part of the original appeal;" proceedings under App. R. 26(B) are neither part of nor a continuation of the original appeal; and "the App. R. 26(B) *Page 8 
process bears a marked resemblance to postconviction review[.] [W]hile a court of appeals is considering an application under App. R. 26(B), and even after it grants the application, the previous appellate judgment remains in effect until vacated. *** Thus, an applicant under App. R. 26(B) does not start the appeal process all over again, just as the postconviction process under R.C. 2953.21 is not equivalent to a new trial." Id. at ¶ 9, 10, 14, 15, 17. Appellant's reopened appeal under App. R. 26(B) therefore did not reopen our decision in Carpenter I.
Further, because we never vacated Carpenter I or Carpenter II, our decisions in Carpenter I and Carpenter II are still the law of the case.
 {¶ 27} We find that on remand from Carpenter III, the trial court improperly resentenced appellant on Counts Ten, Fifteen, and Seventeen in violation of Saxon. In Carpenter III, we reversed appellant's conviction solely under Counts One, Two, Three, Seven, Eight, and Nine (and thus, appellant's sentences under those counts) and remanded the case for further proceedings on those counts. We also remanded the case to the trial court for a determination on the issue of the unsigned search warrant. By contrast, we specifically affirmed appellant's conviction under Counts Ten, Fifteen, and Seventeen (along with seven other counts), and thus his sentences under those three counts. In light of Saxon, and as with the other counts previously discussed, the trial court lacked authority to resentence appellant on Counts Ten, Fifteen, and Seventeen. See State v. Bradley, Champaign App. No. 06CA31,2008-Ohio-720, ¶ 33.
 {¶ 28} We further find that the doctrine of the law of the case prohibited the trial court from resentencing appellant on Counts Ten, Fifteen, and Seventeen on remand from Carpenter III. The law-of-the-case doctrine provides that decisions made by a reviewing court regarding legal questions remain the law of that case for all subsequent proceedings at both the trial and appellate levels. See Nolan v.Nolan (1984), 11 Ohio St.3d 1. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an *Page 9 
inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. See id; State v. Prom, Butler App. No. CA2004-07-174, 2005-Ohio-2272. Moreover, a trial court lacks authority to extend or vary the mandate given. Id. Rather, upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred. See State ex rel. Stevenson v.Murray (1982), 69 Ohio St.2d 112.
 {¶ 29} The record shows that in Carpenter I, we reversed and remanded the case for resentencing under Counts Ten, Fifteen, and Seventeen. The trial court resentenced appellant on those counts and we affirmed the new sentences in Carpenter II. As noted earlier, Carpenter I andCarpenter II were not vacated. Although we remanded the case to the trial court in Carpenter III, we did not remand the case for resentencing, let alone for resentencing on Counts Ten, Fifteen, and Seventeen. The case was remanded to the trial court solely for it to determine the issue of the unsigned warrant, and for further proceedings following our reversal of appellant's conviction (and thus sentences) under Counts One, Two, Three, Seven, Eight, and Nine. By contrast, we specifically and clearly affirmed appellant's conviction under Counts Ten, Fifteen, and Seventeen (along with seven other counts). The fact that there was an issue upon which we remanded the case in CarpenterIII did not serendipitously reopen all previously closed issues. SeeState v. Hoop (Aug. 6, 2001), Brown App. No. CA2000-11-034.
 {¶ 30} We therefore vacate the trial court's April 15, 2008 entry with regard to Counts Ten, Fifteen, and Seventeen, and reinstate the prison terms imposed by the trial court in its February 28, 2007 entry with regard to Counts Ten, Fifteen, and Seventeen.
 {¶ 31} Appellant's first assignment of error is sustained.
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "THE TRIAL COURT ERRED BY ENGAGING IN VINDICTIVE SENTENCING WHEN IT RESENTENCED MR. CARPENTER TO A GREATER PERIOD OF *Page 10 
INCARCERATION FOR HIS REMAINING CONVICTIONS AFTER A SUCCESSFUL DIRECT APPEAL. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. (April 2, 2008 Resentencing Hearing Transcript, T.p. 4-9; April 15, 2008 Judgment of Conviction Entry, T.d. 171)."
 {¶ 34} Appellant's second assignment of error has been rendered moot as a result of our disposition of his first assignment of error. Therefore, we need not decide it. See App. R. 12(A)(1)(c).
 {¶ 35} Accordingly, the trial court's April 15, 2008 sentencing entry is hereby vacated in its entirety; the trial court's February 28, 2007 sentencing entry is hereby reinstated with regard to counts Four, Five, Six, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen; the $2,500 fine imposed under Count One in the trial court's November 15, 2005 original sentencing entry is hereby reinstated; and appellant is to serve the sentences as imposed in the trial court's February 28, 2007 sentencing entry on counts Four, Five, Six, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen.
POWELL, J., concurs.
WALSH, P.J., dissents without written opinion.
[1] The first assignment of error alleged that the trial court erred in admitting evidence obtained through the execution of an unsigned, void ab initio, search warrant. The second and third assignments of error alleged appellant was denied the effective assistance of trial and appellate counsel, respectively, because both counsel failed to challenge the unsigned warrant. *Page 1