[Cite as *State v. Pallo*, 2019-Ohio-4910.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                            :

      Appellant,                        :          CASE NO. CA2019-02-013

                                    :          O P I N I O N
    - vs -                                          12/2/2019

                                    :

THOMAS M. PALLO, JR.,                     :

      Appellee.                         :


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018TRC13021


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

The Farrish Law Firm, Kelly Farrish, 810 Sycamore Street, Sixth Floor, Cincinnati, Ohio 45202, for appellee


      **PIPER, J.**

      {¶ 1}  Appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court granting a motion to suppress in favor of appellee, Thomas Pallo.

      {¶ 2}  At approximately 2:00 a.m., an Ohio State Highway Patrol trooper was on patrol when a pair of vehicles passed his position on State Route 32. The trooper observed one of the vehicles move into the left lane without signaling and then pass the other car at a higher

rate of speed. The trooper believed the cars were racing and initiated a traffic stop of the passing car. The trooper then made contact with the driver, identified as Pallo. Initially, it appeared the trooper received a satisfactory explanation regarding his observations and did not immediately form an opinion Pallo was intoxicated. After field sobriety tests, however, Pallo was arrested for operating a vehicle under the influence ("OVI").

{¶ 3} Pallo was charged in the municipal court with one count of OVI and one count of failure to use his turn signal. Pallo pled not guilty and filed a motion to suppress. The municipal court held a hearing on the issue and later granted the motion. The state now appeals the municipal court's decision raising one assignment of error for our review.

{¶ 4} However, we are unable to perform a meaningful review of the questions raised on appeal given the municipal court's lack of specificity when issuing its decision granting Pallo's motion to suppress. *See State v. Long*, 12th Dist. Butler Nos. CA2014-08-176 and CA2014-09-188, 2015-Ohio-821, ¶ 15 (reversing trial court's decision and remanding for the trial court to issue a decision that addressed its reasoning so that this court could perform a review of the court's decision).

{¶ 5} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. Therefore, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129 and CA2017-08-132, 2018-Ohio-3335, ¶ 15.

{¶ 6} Given this court's duty to accept the municipal court's properly supported findings of fact, we cannot review a decision where such information is absent from the

court's decision. The municipal court, while it reviewed the record and held a hearing on the matter, did not articulate its analysis or reasons for the decision to grant the motion to suppress. The municipal court did not address the validity, or lack thereof, of the field sobriety tests, or even comment upon whether it was suppressing the results of the tests as a part of its judgment. Instead, the municipal court's decision is unclear as to what specific evidence was suppressed as a result of the motion being granted and further lacks any indication as to what factual analysis and legal conclusions were relied upon in determining the trooper did not have probable cause to effectuate the arrest.

{¶ 7} On remand, the court shall articulate its reasoning so that this court may perform a review of the decision on appeal. The court shall identify the legal and factual issues being resolved and state specifically what evidence is being suppressed and why. This would include a discussion of the pertinent field sobriety tests, including the horizontal gaze nystagmus test. To the limited extent the municipal court failed to do so, the state's single assignment of error is sustained.

{¶ 8} Judgment reversed, and the matter is remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.