[Cite as *State v. Pallo*, 2020-Ohio-4182.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-12-105 |
| Appellant, | : | O P I N I O N<br>8/24/2020 |
| | : | |
| - vs - | : | |
| | : | |
| THOMAS M. PALLO, JR., | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018 TRC 13021

D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

The Farrish Law Firm, Kelly Farrish, 810 Sycamore Street, Sixth Floor, Cincinnati, Ohio 45202, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court granting a motion to suppress in favor of appellee, Thomas M. Pallo, Jr.

{¶ 2} In the early morning hours of September 3, 2018, an Ohio State Highway Patrol trooper was on patrol when two vehicles passed his position on State Route 32. The

trooper observed one of the vehicles move into the left lane without signaling and then pass the other vehicle at a higher rate of speed. Believing the cars were racing, the trooper initiated a traffic stop of the passing car. The trooper then made contact with the driver, identified as Pallo. The trooper noticed a strong odor of an alcoholic beverage emanating from the vehicle. Furthermore, Pallo had bloodshot, watery eyes. When asked how much alcohol he had consumed, Pallo replied, "not much," "nothing," and "I'm good."

{¶ 3} The trooper asked Pallo to exit the vehicle. At this point, the trooper noticed an odor of an alcoholic beverage coming from Pallo's person. The trooper administered the horizontal gaze nystagmus ("HGN") test, detecting four out of six possible clues, and had Pallo submit to a portable breath test. The trooper then administered the walk-and-turn test, identifying one clue, and the one-leg-stand test. Following these field sobriety tests, the trooper arrested Pallo for operating a vehicle under the influence ("OVI").

{¶ 4} Pallo was charged in the municipal court with one count of OVI and one count of failure to use his turn signal. Pallo pled not guilty and filed a motion to suppress, specifically challenging (1) the lawfulness of the traffic stop and his subsequent detention, (2) whether the field sobriety tests were administered in compliance with NHTSA standards, (3) the administration of non-standardized field sobriety tests, (4) whether the trooper had probable cause to arrest him for OVI, and (5) whether statements he made to the trooper were obtained in violation of the Fifth, Sixth, and Fourteenth Amendments.

{¶ 5} Following a suppression hearing, the municipal court issued a written decision granting Pallo's motion to suppress as follows: "There was one issue that was addressed at the motion hearing. Whether [the trooper] had probable cause to arrest the defendant for OVI. Based upon the reasons set forth on the record, this Court finds [the trooper] did not have probable cause to arrest the defendant for OVI, and will grant the defendant's motion as to this respective issue."

{¶ 6} The state appealed the municipal court's decision granting the motion to suppress. This court reversed the municipal court's decision, finding it was "unable to perform a meaningful review of the questions raised on appeal given the municipal court's lack of specificity when issuing its decision granting Pallo's motion to suppress." *State v. Pallo*, 12th Dist. Clermont No. CA2019-02-013, 2019-Ohio-4910, ¶ 4. We specifically noted the municipal court's overall failure to articulate its analysis or reasons for granting the motion to suppress, its failure to address the validity, or lack thereof, of the field sobriety tests, its failure to identify what evidence was suppressed as part of its judgment, and its failure to specify what factual analysis and legal conclusions the court relied upon in determining that the trooper did not have probable cause to arrest Pallo for OVI. *Id.* at ¶ 6.

{¶ 7} Consequently, we remanded the matter to the municipal court with instruction that "the court shall articulate its reasoning so that this court may perform a review of the decision on appeal. The court shall identify the legal and factual issues being resolved and state specifically what evidence is being suppressed and why. This would include a discussion of the pertinent field sobriety tests, including the horizontal gaze nystagmus test." *Id.* at ¶ 7.

{¶ 8} On remand, the municipal court issued a decision on December 17, 2019, identifying two legal issues: (1) whether the trooper had probable cause to arrest Pallo for OVI, and (2) whether a trooper can "use the results of a portable breath test in making a probable case determination regarding an arrest for OVI." The municipal court found that the trooper stopped Pallo for a moving violation, found that the HGN, walk and turn, and one leg stand tests were administered in compliance with NHTSA standards, and declined to consider the portable breath test as such tests are no longer recognized by the Ohio Department of Health. *See State v. Mason*, 12th Dist. Clinton No. CA99-11-033, 2000 Ohio App. LEXIS 5472 (Nov. 27, 2000).

{¶ 9}   The municipal court construed a statement the trooper made to Pallo following the completion of the HGN test, "If everything checks out alright, I will get you out of here with a warning," as an indication the trooper did not believe there was probable cause to arrest Pallo for OVI at that time.   The municipal court found that following the trooper's statement above, the only new information gathered during the OVI investigation "were the results of the portable breath test and the results of the last two field sobriety tests, which yielded one additional clue [on the walk-and-turn test] that is not recognized as a standardized clue pursuant to NHTSA."   Noting that the trooper did not testify as to what facts he relied upon in determining he had probable cause to arrest Pallo for OVI after he made the statement above, the municipal court determined that the trooper necessarily and improperly "relied upon the results of the portable breath test in making his probable cause determination[.]"

{¶ 10} Based upon the foregoing, the municipal court granted Pallo's motion to suppress.

{¶ 11} The state now appeals, raising the following two assignments of error.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT FAILED TO COMPLY WITH THIS COURT'S ORDER ON REMAND.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS BASED ON HIS CHALLENGE TO PROBABLE CAUSE TO ARREST FOR A VIOLATION OF SECTION 4511.19(A)(1)(a).

{¶ 16} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact.   *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best

position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. In turn, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 17} Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *State v. Carpenter*, 12th Dist. Butler No. CA2008-05-122, 2009-Ohio-1165, ¶ 28. Moreover, a trial court lacks authority to extend or vary the mandate given. *Id.* Rather, upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred. *Id.*, citing *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112 (1982).

{¶ 18} We find that the municipal court abused its discretion when it did not comply with our remand instructions. In *Pallo*, we explicitly instructed the municipal court to "articulate its reasoning" for granting the motion to suppress "so that this court may perform a review of the decision on appeal," "identify the legal * * * issues being resolved," and "state specifically what evidence is being suppressed and why." *Pallo*, 2019-Ohio-4910 at ¶ 7. Although the issues were raised in Pallo's motion to suppress, the municipal court neither identified nor addressed the lawfulness of the traffic stop, Pallo's detention, and whether his statements to the trooper were elicited in in violation of the Fifth, Sixth, and Fourteenth Amendments. Furthermore, the municipal court ignored our clear remand instruction and once again did not identify what evidence was suppressed as a result of the motion being granted.

- 5 -

{¶ 19} Pallo's motion to suppress challenged all aspects of his encounter with the trooper, including the initial traffic stop, Pallo's subsequent investigatory detention, his arrest, and subsequent events. Pallo's traffic stop, investigatory detention, and arrest are each subject to different factual analyses and legal standards. Consequently, some of the evidence may be subject to suppression while other evidence may be admissible.

{¶ 20} We therefore reverse the municipal court's decision granting the motion to suppress and once again remand the matter to the municipal court. On remand, the municipal court shall identify and address the legal and factual issues raised by Pallo's motion to suppress and articulate its analysis or reasoning in resolving these issues. Furthermore, the court *shall state specifically what evidence is being suppressed and why.* The state's first assignment of error is accordingly sustained and its second assignment of error is moot.

{¶ 21} Judgment reversed and the matter is remanded for further proceedings.

S. POWELL and PIPER, JJ., concur.