[Cite as *State v. Pallo*, 2021-Ohio-1984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2020-09-057 |
| | : | O P I N I O N |
| - vs - | | 6/14/2021 |
| | : | |
| THOMAS M. PALLO, JR., | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018TRC13021

Mark J. Tekulve, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

The Farrish Law Firm, Kelly Farrish, 810 Sycamore Street, Sixth Floor, Cincinnati, Ohio 45202, for appellee

**PIPER, P.J.**

{¶1}   Appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court granting a motion to suppress in favor of appellee, Thomas Pallo.

{¶2}   This matter has previously been before our court twice, involving the motion to suppress pertaining to the traffic stop of Pallo.  *State v. Pallo*, 12th Dist. Clermont No. CA2019-02-013, 2019-Ohio-4910, ¶ 4; *State v. Pallo*, 12th Dist. Clermont No. CA2019-12-

105, 2020-Ohio-4182, ¶ 6. The facts remain unchanged from those discussed in the two prior appeals.

{¶3} Around 2:00 a.m. on September 3, 2018, an Ohio State Highway Patrol trooper was on patrol when two vehicles, both Camaros, passed his position on State Route 32. The trooper observed the white Camaro move into the left lane without signaling and then, with notable acceleration, pass the black Camaro at a high rate of speed. Believing the cars were racing, the trooper initiated a traffic stop of the passing car. The trooper then made contact with the driver, later identified as Pallo. The trooper noticed a strong odor of an alcoholic beverage emanating from Pallo's side of the vehicle. Furthermore, Pallo had bloodshot, watery eyes. When the trooper asked Pallo how much alcohol he had consumed, Pallo replied, "not much," "nothing," and "I'm good."

{¶4} The trooper asked Pallo to exit the vehicle. At that point, the trooper noticed an odor of an alcoholic beverage coming from Pallo's person. The trooper administered the horizontal gaze nystagmus ("HGN") test, detecting four out of six possible clues, and had Pallo submit to a portable breath test. The trooper then administered the walk-and-turn test, identifying indicia of intoxication, which the trial court ultimately found was a clue. The one-leg-stand test was also administered, which did not produce any additional clues of impairment. Following these field sobriety tests, the trooper arrested Pallo for operating a vehicle under the influence ("OVI").

{¶5} Pallo was charged in the municipal court with one count of OVI and one count of failure to use his turn signal. Pallo pled not guilty and filed a motion to suppress. The trial court conducted a hearing during which the trooper testified, and a video of the stop was admitted into evidence.

{¶6} The trial court granted Pallo's motion to suppress and initially did not articulate in its entry what legal analysis supported suppression. Nor did the court specify what

evidence was suppressed. This court, twice, reversed the trial court's decision for further clarification. In response to the latest remand instructions from this court, the trial court explained in its entry that it was granting the motion to suppress because the trooper lacked probable cause to arrest Pallo.

{¶7} The state appeals the trial court's latest decision granting Pallo's motion to suppress, raising the following assignment of error:

{¶8} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS BASED ON HIS CHALLENGE TO PROBABLE CAUSE TO ARREST FOR A VIOLATION OF SECTION 4511.19(A)(1)(a).

{¶9} The state argues in its sole assignment of error that the trial court erred in granting the motion to suppress because the trooper had probable cause to arrest Pallo for OVI.[1]

{¶10} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Derifield*, 12th Dist. Madison No. CA2020-01-002, 2021-Ohio-1351, ¶ 16. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Dugan*, 12th Dist. Butler No. CA2012-04-081, 2013-Ohio-447, ¶ 10. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. Runyon*, 12th Dist. Clermont No.

---

1. Pallo did not file an appellee's brief. Thus, and according to App.R. 18(C), "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

CA2010-05-032, 2011-Ohio-263, ¶ 12.

{¶11} "In order to arrest a person without a warrant an officer must have probable cause." *State v. Aslinger*, 12th Dist. Preble No. CA2011-11-014, 2012-Ohio-5436, ¶ 13. Probable cause to arrest for OVI exists when, at the moment of arrest, the arresting officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol. *State v. Way*, 12th Dist. Butler No. CA2008-04-098, 2009-Ohio-96, ¶ 30. This determination is based on the totality of the surrounding circumstances. *State v. Minton*, 12th Dist. Warren No. CA2017-08-132, 2018-Ohio-2142, ¶ 13.

{¶12} R.C. 4511.19(A)(1)(a) prohibits operation of a vehicle while under the influence of alcohol. The trooper testified that he observed Pallo overtake another car and change lanes without using a signal, which caused him to believe that the two cars were racing. After initiating the stop, the trooper noticed an odor of an alcoholic beverage coming from Pallo's person and observed that Pallo's eyes were bloodshot and watery. Although Pallo attempted to convince the trooper he had not consumed much alcohol that evening, Pallo exhibited four out of six clues on the horizontal gaze nystagmus test. The trooper additionally testified Pallo did not properly follow instructions in performing the walk and turn field sobriety test. The record demonstrates the failure to properly follow instructions was additional information the trooper considered as contributing to the probability of Pallo operating a motor vehicle while intoxicated.

{¶13} The trooper testified that Pallo did not follow his instructions to take nine steps in performing the test. Pallo completed only three steps according to the trooper's testimony. Pallo argued that the trooper only demonstrated three steps before turning and therefore the trooper did not give accurate instructions. However, the trooper testified he always instructs suspects to take nine steps. In the "over 200 times" the trooper had

administered the walk and turn test, he has "never" had an occasion where a suspect did not understand he or she was to take nine steps before turning. Based on Pallo's performance during the walk and turn test, the trooper testified Pallo "just wasn't able to follow a simple instruction."

{¶14} Despite these facts in support of probable cause, as well as an express determination that the trial court found the trooper's testimony during the suppression hearing credible, the trial court determined that the trooper lacked probable cause to arrest Pallo for OVI.[2] In its analysis, the trial court focused upon a statement the trooper made, saying, "if everything checks out all right, I will get you out of here with a warning." Despite the trooper's statement, the fact remains that "everything" did not "check out all right" because Pallo did not follow the trooper's instructions when completing the walk and turn test.

{¶15} The trial court considered the circumstances separately – those that occurred *before* the trooper's statement of a potential warning being issued and those that occurred *after* his statement. Yet, all of the circumstances within the officer's knowledge *at the moment of arrest*, accumulate and must be considered in their totality. When doing so, the trooper had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol. At the time of the arrest, the totality of the circumstances provided probable cause that Pallo was driving while under the influence. Probable cause has come to mean more than bare suspicion but less than evidence that would justify condemnation or conviction. *Westlake v. Blakley*, 8th Dist. Cuyahoga No. 107843, 2019-Ohio-3670, ¶ 25. The trooper's statement regarding a potential warning does not negate the facts and

---

2. The trial court also found in its entry that the trooper administered the field sobriety tests in substantial compliance with NHTSA guidelines. We agree.

circumstances within his knowledge prior to the time of his statement.

{¶16} We note the trooper was not questioned during the motion to suppress hearing regarding his statement involving a potential warning. Thus, his purpose or intent in making such a statement is conjecture. It could be theorized the trooper was attempting to put Pallo at ease, or that he was still in the process of determining the extent to which the totality of circumstances formed probable cause. Regardless of any conjecture on our part, the trooper's statement was not explained, and he was never questioned about it.

{¶17} The trooper's statement, one which he was never asked to explain, does not demonstrate that the trooper did not conclude he possessed probable cause reasonably believing Pallo was under the influence *at the time of his arrest*.[3] Probable cause to arrest is not based, in whole or in part, upon a suspect's poor performance on one or more field sobriety test. It may exist sufficient for arrest even where no field sobriety tests were administered or where the results are excluded. *Columbus v. Shepherd*, 10th Dist. Franklin No. 10AP-483, 2011-Ohio-3302, ¶28.

{¶18} The trial court found credible the trooper's testimony that he observed Pallo's irregular driving, he observed that Pallo's eyes were bloodshot and watery, that he smelled an odor of an alcoholic beverage emanating from Pallo's person, that Pallo exhibited four clues of impairment during the HGN test, and that Pallo admitted to consuming alcohol that evening. The trial court also heard unrefuted testimony from the trooper that Pallo failed to properly follow instructions in performing the field sobriety test. This court has previously found probable cause to arrest under similar circumstances. *See Wilmington v. Taylor*, 12th Dist. Clinton No. CA2009-11-018, 2010-Ohio-3255, ¶ 20 (finding probable cause

---

3. In *Columbus v. Shepherd*, 10th Dist. Franklin No. 10AP-483, 2011-Ohio-3302, ¶11, the suspect was told by the officer, "I've got one more test here and we're going to get you out of here," which the suspect took to mean she was going to be released to go home. However, when questioned about his statement, the officer explained the circumstances that existed prior to that "one more test" already had him determining the suspect would be arrested for OVI.

where the arresting officer: observed the suspect driving erratically, smelled an odor of an alcoholic beverage coming from the suspect's vehicle and person, observed that the suspect's eyes were bloodshot and glassy, and testified that the suspect would not follow directions during the field sobriety tests); *State v. Cummins*, 12th Dist. Clermont No. CA2018-07-051, 2019-Ohio-1496, ¶ 37 (finding probable cause where the trooper observed the suspect driving improperly, that the suspect's eyes were red, and that the suspect exhibited clues when he performed field sobriety tests); and *State v. Baker*, 12th Dist. Warren No. CA2009-06-079, 2010-Ohio-1289, ¶ 53 (finding probable cause where the trooper observed the suspect commit marked lane violations, the suspect admitted to consuming alcohol that night, the trooper noted an odor of an alcoholic beverage coming from the suspect's person, and the suspect exhibited signs of intoxication during field sobriety tests).

{¶19} Based on a totality of the circumstances, we find that there was probable cause to support the trooper's arrest of Pallo for OVI. As such, the trial court erred in granting Pallo's motion to suppress and the state's sole assignment of error is sustained.

{¶20} Judgment reversed and the matter is remanded for further proceedings.

S. POWELL and HENDRICKSON, JJ., concur.